UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMERALD CITY COLLECTIVE, | CASE NO. C24-2163JLR |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE LIQUOR AND CANNABIS BOARD, et al., | |
| Defendants. | |

Before the court is Plaintiff Emerald City Collective's (the "ECC") unopposed

motion for a 90-day continuance of the June 1, 2026 bench trial date and all related

deadlines. (Mot. (Dkt. # 17).) The ECC argues that there is good cause to grant its

motion because of two reasons. (Mot. at 2-3.) First, the ECC contends that it would not

be a good use of resources as well as extremely difficult to complete the necessary

discovery by the current January 20, 2026 deadline, especially with the upcoming holiday

season, because of the pending motion to dismiss which the ECC asserts will

ORDER - 1

1    significantly impact discovery.  (*Id.*)  Second, the ECC's principal recently experienced a

2    family loss and thus will need to be focused on his family for the foreseeable future.  (*Id.*)

3    While the court is sympathetic to the tragic family loss, the court DENIES the ECC's

4    motion.

5    　　　　The current scheduling order sets the deadline for all motions related to discovery

6    on December 18, 2025; the discovery deadline on January 20, 2026; the dispositive

7    motions deadline on February 17, 2026; and the bench trial on June 1, 2026.  (04/01/25

8    Order (Dkt. # 9).)  The scheduling order also provides that the case schedule may be

9    modified "only upon good cause shown[.]"  (*Id.* at 2); *see also* Fed. R. Civ. P. 16(b)(4)

10   ("A schedule may be modified only for good cause and with the judge's consent.").

11   "Good cause" focuses on the diligence of the party seeking to modify the scheduling

12   order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

13   Therefore, the party must demonstrate that it could not meet the deadline imposed by the

14   scheduling order despite its diligence.  *Id.*  Failure to complete discovery and motion

15   practice within the time allowed is not recognized as good cause.  (04/01/25 Order at 2);

16   *see also Scarlett v. Doe*, No. C19-1418JLR, 2020 WL 13517858, at *1 (W.D. Wash. July

17   20, 2020) ("The presence of unresolved discovery disputes does not constitute good

18   cause.").  However, the court is sympathetic to the ECC principal's significant personal

19   family loss and finds that constitutes good cause.  Unfortunately, the court's trial calendar

20   cannot accommodate a 90-day continuance in the second half of 2026.  Therefore, the

21   court DENIES the ECC's unopposed motion for a 90-day continuance of the trial date

22   and related deadlines (Dkt. # 17).

ORDER - 2

The court is willing, however, to consider moving the instant trial date to the end of its trial calendar.  The parties should be aware that the court is currently scheduling trials in summer 2027.  If the court moves this matter to the end of its trial calendar, it will issue a new scheduling order that resets all unexpired pretrial deadlines.  If the parties wish to seek this relief, they should file a stipulated motion to that effect.

Dated this 16th day of December, 2025.

JAMES L. ROBART
United States District Judge