UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMERALD CITY COLLECTIVE, | CASE NO. C24-2163JLR |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE LIQUOR AND CANNABIS BOARD, et al., | |
| Defendants. | |

## I.  INTRODUCTION

Before the court is a motion to dismiss filed by Ollie Garrett, Rick Garza, Jeanne McShane, David Postman, Nicola Reid, Rebecca Smith ("Individual Defendants"), and the Washington State Liquor and Cannabis Board ("WSLCB") (collectively, "Defendants").  (MTD (Dkt. # 13); Reply (Dkt. # 16).)  Plaintiff Emerald City Collective ("ECC") opposes the motion.  (Resp. (Dkt. # 15).)  The court has considered the parties'

ORDER - 1

submissions, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Defendants' motion.

## II. BACKGROUND

This case arises from ECC's failure to obtain a retail cannabis license in 2016 purportedly due to systemic racial discrimination in the Washington state cannabis licensing system. (*See generally* Compl. (Dkt. # 1-2).) The WSLCB is a Washington state agency charged with issuing retail licenses to vendors and the current or former employer of the Individual Defendants. (*Id*. ¶¶ 2-8, 14.) ECC is a Black-owned nonprofit medical cannabis dispensary located in Washington state. (*Id*. ¶ 1.)

The WSLCB administered a "priority system" for issuing licenses that was designed to favor applicants with certain qualifications and experience in the industry. (*Id*. ¶ 16.) ECC applied for a license when the WSLCB opened an application window between October 12, 2015, and March 31, 2016. (*Id*. ¶ 19.) In March 2016, the WSLCB informed ECC that it had issued all retail licenses for that period to other applicants and that ECC's application was not approved.[1] (*Id*. ¶ 27; *see also* Withdrawal Notification.)

ECC alleges that the WSLCB administered the priority system in a discriminatory manner, particularly as applied to Black and Brown people. (Compl. ¶ 20.) According to ECC, the WSLCB subjected Black and Brown applicants "to disparate treatment

---

[1] The court agrees with Defendants that the following documents are incorporated into the complaint by reference: (1) the April 13, 2016, designation of ECC's license application as "Priority 2" under the now discontinued Priority scheme (Dkt. # 13-2) (Priority Assignment) and (2) 5/4/17 Not. (Dkt. # 13-2) (Withdrawal Notification). *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

1 | compared to their white counterparts" and required them to "fulfil certain
2 | requirements . . . that far exceeded State requirements[.]" (*Id*. ¶¶ 21, 28.)
3 |      In 2020, the Washington state legislature enacted the Social Equity Program, an
4 | initiative that facilitated the issuance of "additional marijuana retail licenses for social
5 | equity purposes." (*Id*. ¶ 32.) ECC obtained a license to operate in King County through
6 | the Social Equity Program in 2023. (*Id*. ¶ 35.) Operators of retail dispensaries, however,
7 | remained subject to city ordinances that regulated how dispensaries could operate. ECC
8 | alleges that, because of City of Seattle ordinances limiting available locations for opening
9 | retail stores, "there are no retail locations in Seattle where [it] can legally open its
10 | business." (*Id*. ¶¶ 34-35.) ECC also alleges that "many of the businesses currently
11 | prohibiting ECC from opening a location in King County were improperly granted retail
12 | licenses during the Priority scheme that was in place from 2015-2016." (*Id*.)
13 |      ECC further represents that its principal began investigating the WSLCB in May
14 | 2022, "after growing ever frustrated with the licensing process." (*Id*. ¶ 37.) ECC
15 | submitted many public records requests for documents that, it asserts, established the
16 | discriminatory practices it describes in its complaint. (*Id*.)
17 |      On November 18, 2024, ECC filed this suit in King County Superior Court
18 | bringing claims against the WSLCB for violation of the Fourteenth Amendment's Equal
19 | Protection Clause, violation of the Privileges and Immunities Clause of the Washington
20 | State Constitution, negligence, and tortious interference and claims against the Individual
21 | Defendants for discrimination under 42 U.S.C. § 1981(a) and deprivation of a
22 | constitutional right under 42 U.S.C. § 1983. (*See id*. at 9-12.) ECC seeks damages and

an award for attorneys' fees and costs. (*Id*. at 12.) On December 30, 2024, Defendants removed the case to this court. (*See* 12/30/24 Not. (Dkt. # 1).) On September 24, 2025, Defendants filed the instant motion to dismiss. (MTD.) The matter is now fully briefed and ripe for consideration.

### III.   ANALYSIS

The court first sets forth the relevant standard of review and then turns to Defendants' motion to dismiss.

**A.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); *see also* Fed R. Civ. P. 8(a)(2) (requiring that the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief"). Under this standard, the court construes the allegations in the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc*., 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court "is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in

favor of the plaintiff." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998) (citation omitted).

**B.     Defendants' Motion to Dismiss**

Defendants argue that (1) ECC's claims are time-barred; (2) the Fourteenth Amendment does not provide a positive cause of action; and (3) ECC fails to sufficiently plead any of its claims under Rule 12(b)(6). (*See generally* MTD.)  In response, ECC (1) concedes that dismissal of its claims for violations of the Fourteenth Amendment and the Washington State Constitution is warranted (*see* Resp. at 1 n.1); (2) argues that the discovery rule applies to its remaining claims; and (3) asserts that it has sufficiently pleaded its remaining claims (*see* Resp. at 1-2).  The court agrees with Defendants that ECC's claims are barred by the applicable statutes of limitations.

        1.     ECC's federal claims are time-barred.

Defendants argue that ECC's § 1981 and § 1983 claims are governed by four-year and three-year statutes of limitations respectively and are time-barred because ECC commenced this suit on November 18, 2024, more than six years after the WSLCB denied its application for a cannabis license.  (*See* MTD at 8-9.)  ECC agrees that its § 1981 and § 1983 claims are governed by four-year and three-year statutes of limitations.  (*See* Resp. at 3.)  It argues, however, that its federal claims are not time-barred due to the application of the discovery rule.  The court agrees with Defendants.

In general, a civil rights claim accrues under federal law "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (citing *Lukovsky v. City & Cty. of San*

1  *Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008)) (internal quotation marks omitted).
2  When the discovery rule applies, however, "the statute only begins to run once a plaintiff
3  gains knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and
4  who has inflicted the injury.'" *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105,
5  1108 (9th Cir. 1999) (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). A
6  plaintiff who is not diligent in discovering the critical facts of the case may not avail
7  himself of the discovery rule to litigate claims beyond the expiration of the statute of
8  limitations. *Id*. at 1108.

9      ECC alleges that WSLCB denied its initial license application in or around March
10 2016. (Compl. ¶ 27.) ECC, however, acknowledges that it did not begin to investigate
11 the reason for the WSLCB's adverse decision until approximately six years later when
12 ECC grew increasingly "frustrated with the licensing process." (*See id*. ¶¶ 35, 37
13 (alleging that, in May 2022, ECC discovered the alleged discrimination when ECC's
14 principal "began investigating the practices of the WSLCB").) ECC also represents that
15 it only filed suit after it realized that City ordinances made the license it received in 2023
16 functionally "worthless[.]" (*Id*. ¶ 37.) Based on these alleged facts, ECC's federal claims
17 are untimely.

18     ECC contends that the court should consider its suit timely because it filed its
19 complaint after it discovered the purported "discriminatory acts" that allegedly gave rise
20 to the denial of its application. (Resp. at 4 (asserting that ECC "was not privy to the
21 internal discussions and decisions concerning its application").) The court disagrees.
22 ECC has not shown that it was "diligent" in discovering the critical facts after learning

1 that its application was denied. It cannot, therefore, avail itself of the discovery rule.

2 *See, e.g.*, *Lukovsky*, 535 F.3d at 1049 (citation omitted) (compiling cases and holding that

3 a civil rights claim accrues when a plaintiff "discovers that he has been injured, not when

4 he determines that the injury was unlawful"); *see also Delaware State Coll. v. Ricks*, 449

5 U.S. 250, 255-56 (1980) (affirming that the filing limitation period for a plaintiff's

6 § 1981 claim commenced from the time the defendant communicated the unfavorable

7 decision to the plaintiff); *see also id*. at 256 ("The limitations periods . . . "guarantee[] the

8 protection of the civil rights laws to those who promptly assert their rights[.]"). Thus, the

9 court dismisses ECC's federal claims as time barred.

      2. <u>ECC's state law claims are time barred.</u>

11     The court concludes that ECC's state law claims are time barred for the same

12 reason that its federal law claims are time barred. The parties do not dispute that the

13 statute of limitations for negligence and tortious interference in Washington is three

14 years. (*See* MTD at 10; Resp.); *see* RCW 4.92.110. The parties also do not dispute that

15 "the complained-of injury occurred at the very latest by May 4, 2017" and that, as a

16 result, the statute of limitations for ECC's state law claims ran on July 3, 2020.[2] (MTD at

17 10; Resp.; *accord* Compl. ¶ 27 (alleging that ECC received an unfavorable response from

18 the WSLCB in March 2016).) Rather, ECC argues that its state-law claims are timely

19 because Washington also follows the discovery rule. (Resp. at 4.) The court disagrees.

20 As with ECC's federal claims, the court concludes that ECC was not sufficiently diligent

---

[2] The statute of limitations on tort claims against the state of Washington and its employees is tolled for 60 days under Washington's claim-filing statute. *See* RCW 4.92.110.

ORDER - 7

in discovering facts critical to the case that would have illuminated ECC's potential claims earlier and that ECC may not at this late hour avail itself of the discovery rule. Thus, the court dismisses ECC's state law claims as time-barred.[3]

3. <u>The court denies leave to amend.</u>

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal. Fed. R. Civ. P. 15(a)(2). Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). Because ECC's claims are time-barred, the court concludes that further amendment would be futile. Therefore, the court denies leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss (Dkt. # 13). ECC's complaint, and this action, are DISMISSED with prejudice.

Dated this 15th day of January, 2026.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[3] Because the court concludes that ECC's claims are barred by the applicable statutes of limitations, it does not address the parties' remaining arguments.